IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EVELYN D. JACKSON, )
    Plaintiff )
)
     v. ) 2:13-CV-1331
)
COMMISSIONER OF SOCIAL )
SECURITY, )
    Defendant. )

MEMORANDUM and ORDER

Mitchell, M.J.:

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion (ECF 12) will be denied, the defendant's motion (ECF 14) will be granted and the decision of the Commissioner will be affirmed.

On September 12, 2013, Evelyn D. Jackson, by her counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on July 13, 2010 (R.121-126). Benefits were denied on October 14, 2010 (R61-70). On November 22, 2010, the plaintiff requested a hearing (R.73-74), and pursuant to that request a hearing was conducted on January 5, 2012 (R.26-48). In a decision filed on February 7, 2012, an Administrative Law Judge denied benefits (R.10-22). On February 27, 2012, the plaintiff

requested reconsideration of this determination (R.7-9), and upon reconsideration, and in a decision dated July 29, 2013, the Appeals Council affirmed the prior decision (R.7-9). The instant complaint was filed on September 12, 2013.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act..

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Johnson v. Commissioner, 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

Presently before the Court for resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

At the hearing held on January 5, 2012 (R.26-48), the plaintiff appeared with counsel (R. 28), and testified that she was a high school graduate (R.29); that she worked as a home health worker and county assessor (R.30) and that she last worked in 2010 (R.30).

The plaintiff also testified that she was involved in a car accident on May 28, 2010 and as a result experienced neck and back pain (R.31-32); that she experiences knee pain for which she receives injections (R.33, 39); that she had vascular surgery performed on her legs (R.33-34); that she broke her leg in 2009 (R.37-38); that she experiences depression (R.42); that she uses marijuana and Tylenol for pain (R.35-37); that she uses a cane occasionally (R.39); that she cannot put weight on her legs two or three days a week (R.40); that she can sit for about an hour and walk four or five blocks (R.41) and that she experiences sleep difficulty (R.44).

At the hearing a vocational expert was called upon to testify (R.45-47). He classified the plaintiff's prior work as light to heavy and unskilled to semi-skilled (R.45).When asked to assume an individual of the plaintiff's age, education, and prior work experience who was capable of performing moderately complex tasks at the sedentary level he testified that such an individual could perform some of plaintiff's prior work (R.46). However, when asked to assume an individual who was limited to light repetitive work, he testified that such an individual could not perform any of the plaintiff's past work (R. 46).

The issue before the Court is whether or not the decision of the Commissioner is supported by substantial evidence.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

3

experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. § 416(i)(2)(A).

It is provided in 42 U.S.C. §1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

It is also provided that:

Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is

4

permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. §1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program. While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was treated at West Penn Hospital on May 29, 2010 following a motor vehicle accident. An acute cervical strain was diagnosed (R.191-198).

On June 11, 2010, the plaintiff was evaluated by Dr. Brian Klatt who diagnosed patellofemoral degenerative joint disease of both knees and mild degenerative joint disease. Plaintiff was noted to be improving on an ibuprofen regime (R.199-205).

The plaintiff was treated at the Centers for Rehab Services on June 24, 2010. Physical therapy for her ankle was recommended (R.206-210).

The plaintiff was treated routinely and for post-accident needs at the University of Pittsburgh Physicians between January 22, 2009 and July 20, 2010 (R.211-257).

The plaintiff was psychologically tested by Steven Pacella, Ph.D. between September 20, 2010 and September 28, 2010 and he concluded that the plaintiff suffers from cannabis dependence and a pain disorder with psychological features. It was noted that the plaintiff was able to understand, retain and follow her instructions. The examiner concluded that assuming the plaintiff was physically able to do so, she could be gainfully employed (R.258-266).

In a report of a psychiatric review performed on October 12, 2010, Douglas Schiller, Ph.D. concluded that the plaintiff was capable of meeting the demands of competitive work on a sustained basis. A personality disorder was diagnosed (R.270-283).

In a report of a residual functional capacity evaluation completed on October 13, 2010, it is noted that the plaintiff could occasionally lift fifty pounds, frequently lift twenty-five pounds, and stand, walk or sit for about six hours. It was also observed that the plaintiff was only partially credible (R.53-59).

The plaintiff was treated at the University of Pittsburgh Physicians between July 20, 2010 and September 10, 2011 for routine matters (R.289-315).

The plaintiff was treated at the Shadyside Medical Center between August 9, 2011 and October 27, 2011 for varicose veins which were injected (R.351-371).

The plaintiff was treated at UPMC Orthopedics between June 1, 2010 and November 1, 2011 following a motor vehicle accident. Her left fibula fracture was said to be progressing well. A neck and back sprain were also reported, as well as a bilateral knee degenerative disorder (R.316-350).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical

sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> The claimant meets the insured status requirements of the Social Security Act through March 31, 2014.
>
> The claimant has not engaged in substantial gainful activity since May 29, 2010, the alleged onset date…

The claimant has the following severe impairments: degenerative joint disease in the knees, bilaterally, a pain disorder with physical and psychological factors and cannabis dependence….

Ms. Jackson was seen by Dr. Klatt in June, 2010 with complaints of knee pain. X-rays revealed the presence of mild degenerative joint disease in both knees. However, Ms. Jackson stated that her knee pain is not keeping her from doing the things that she enjoys… The claimant also consulted Dr. Burns after this accident… his assessment was that she had sustained some bruises on her ankles. An occupational therapy assessment reported that there was no need for occupational therapy as a consequence of that motor vehicle accident.

The claimant also has hypertension for which medication has been prescribed that appears to be reasonably effective in controlling that condition. Her history of hypertension is therefore considered to be a non-severe impairment. She also complained to the primary care physicians at UPMC of back pain, relieved by ibuprofen. The claimant also has been found to have varicose veins and was referred to … a vascular surgeon. Ms. Jackson testified that [she had been] provided treatment for her varicose veins … there is no indication that treatment was unsuccessful, or that the varicose veins impose any additional functional restrictions.

Although the claimant alleges depression, there is no evidence that she has experienced such a degree of emotional discomfort as to motivate her to seek any treatment… The testimony at the hearing indicates that she continues to enjoy [marijuana] about two times per week. Dr. Pacella reported his diagnostic impressions of cannabis dependence and a pain disorder with both physical and psychological factors.

The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments …

The claimant's mental impairments, including the substance use disorder, do not meet [the] listings … Her chronic pain disorder has been considered [under the listings]…

In activities of daily living, the claimant has mild restrictions…

In social functioning, the claimant has no more than moderate difficulties…

With regard to concentration, persistence or pace, the claimant has marked difficulties. Dr. Pacella reported that the claimant demonstrated poor performance on a mental status evaluation. He attributed that poor performance to mental lethargy as a consequence of the claimant's 35 year history of cannabis abuse.

As for episodes of decompensation, the claimant has experience no episodes of decompensation.

Because the claimant's mental impairments, including the substance use disorder, do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, the [disability] criteria are not satisfied…

After careful consideration of the entire record, I find that, based on all of the impairments, including the substance use disorder, the claimant has the residual functional capacity to perform light work … except that her mental lethargy would result in being off task more than 10% of the workday…

The clinical findings with respect to the claimant's physical impairments are very modest. There is some osteoarthritis of the knees that causes some chronic pain. However, as previously noted the claimant denied to her doctor that it was interfering with her daily activities. She was taking only over-the-counter medication for pain…

Considering the claimant's age, education, work experience, and residual functional capacity based on all the impairments, including the substance use disorder, there are no jobs that exist in significant numbers in the national economy that the claimant can perform…

If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities, therefore the claimant would continue to have a severe impairment or combination of impairments…

If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed …

If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform light work … including tasks up to a moderately complex nature…

If the claimant stopped the substance use, I find that the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment…

If the claimant stopped the substance use, the claimant would be able to perform past relevant work as a sales clerk…

> The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance use… Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date… (R.15-21).

The record demonstrates that the plaintiff suffers from a variety of physical problems none of which are individually or jointly totally disabling. What does appear is that her substance addiction is what is keeping her from gainful employment. An award of benefits based on drug or alcohol addiction is not permitted. <u>Torres v. Chater</u>, 125 F.3d 166, 169 (3d Cir.1997); 42 U.S.C. §423(d)(2)(C) ("an individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would … be a *contributing* factor material to the Commissioner's determination …)(emphasis added). Clearly, the finding by the Commissioner that the plaintiff's drug addiction was a significant contributing factor in the plaintiff's inability to work is supported by substantial evidence.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. <u>Lichtenstein v. UPMC</u>, 691 F. 3d 294, 300 (2012). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff.

An appropriate Order will be entered.

ORDER

AND NOW, this 18th day of April, 2014 for the reasons set forth in the foregoing Memorandum, the plaintiff's Motion for Summary Judgment (ECF 12) is DENIED; the defendant's Motion for Summary Judgment (ECF 14) is GRANTED, and the decision of the Commissioner is AFFIRMED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge